UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

SUZANNE FELTENSTEIN

                                     Plaintiff,

            -against-

COLFAX INDUSTRIES, INC. AND STAPLES,
INC.

                                  Defendants.

--------------------------------------------------------------x

**CV**

**COMPLAINT**

**JURY TRIAL REQUESTED**

## COMPLAINT

Plaintiff Suzanne Feltenstein (hereafter referred to as "plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against defendants Colfax Industries, Inc. and Staples, Inc. (together referred to as "defendants"), hereby alleges as follows:

### NATURE OF THE CLAIMS

1.      This lawsuit opposes pervasive, ongoing and inexcusable disability discrimination by the defendants.  In this action, plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorneys' fees, costs and expenses to redress defendants' unlawful disability discrimination against plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Executive Law (the "Executive Law"), § 296, and the New York State Civil Rights Law, § 40.  Plaintiff also alleges claims for Negligence.  As explained more fully below, defendants own, lease, lease to, operate and control a place of public accommodation that violates the above-mentioned laws.

Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2.      These defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught.  In so doing, defendants made a calculated, but unlawful, decision that disabled customers are not worthy.  The day has come for defendants to accept responsibility.  This action seeks to right that wrong via recompensing plaintiff and making defendants' place of public accommodation fully accessible so that plaintiff can finally enjoy the full and equal opportunity that defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State laws pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' acts of discrimination alleged herein occurred in this district and defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5.      At all times relevant to this action, plaintiff Suzanne Feltenstein has been and remains currently a resident of the State of New York.

6.      At all times relevant to this action, plaintiff Suzanne Feltenstein has been

2

and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

7.    Defendant Colfax Industries, Inc. owns the property located at 2444 Boston Post Road, Mamaroneck in Westchester County, New York (hereinafter referred to as "2444 Boston Post Road, Mamaroneck").

8.    Defendants are licensed to and do business in New York State.

9.    At all relevant times, defendant Staples, Inc. operates and/or leases property located at 2444 Boston Post Road, Mamaroneck from the defendant Colfax Industries, Inc. (hereinafter referred to as the "2444 Boston Post Road Shopping Center" premises).

10.    Upon information and belief, Colfax Industries, Inc. and Staples, Inc. have a written lease agreement.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.    Each of the defendants are public accommodations as they own, lease, lease to, control or operate a place of public accommodation, the 2444 Boston Post Road Shopping Center premises located at 2444 Boston Post Road, Mamaroneck, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), and the Executive Law (§ 292(9)).

12.    The 2444 Boston Post Road Shopping Center premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), and the Executive Law (§ 292(9)) as it is a facility operated by a private entity as a retail establishment, and its operations affect commerce.

13.     Numerous architectural barriers exist at defendants' place of public accommodation that prevent and/or restrict access to plaintiff, a person with a disability.

14.     Upon information and belief, 2444 Boston Post Road, Mamaroneck was designed and constructed for first possession after January 26, 1993.

15.     At some time after January 1992, defendants made alterations to 2444 Boston Post Road, Mamaroneck, including areas adjacent and/or attached to 2444 Boston Post Road, Mamaroneck.

16.     At some time after January 1992, defendants made alterations to the 2444 Boston Post Road Shopping Center premises, and to areas of 2444 Boston Post Road, Mamaroneck related to the 2444 Boston Post Road Shopping Center premises.

17.     At some time after January 1992, defendants altered the primary function areas of the 2444 Boston Post Road Shopping Center premises and 2444 Boston Post Road, Mamaroneck that relate to the 2444 Boston Post Road Shopping Center premises.

18.     Within the past three years of filing this action, plaintiff attempted to and desired to access the 2444 Boston Post Road Shopping Center premises.

19.     The services, features, elements and spaces of defendants' place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design ("1991 Standards") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design ("2010 Standards").

4

20.     Because of defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards, plaintiff was and has been unable to enjoy safe, equal and complete access to defendants' place of public accommodation.

21.     Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards or the 2010 Standards.

22.     Barriers to access that plaintiff encountered and/or which deter plaintiff from patronizing the defendants' place of public accommodation as well as barriers that exist include, but are not limited to, the following:

I.     None of the attempted accessible parking spaces are accessible. *Defendants fail to provide the minimum required number of accessible car parking spaces.  See 1991 Standards 4.1.2(5)(a); and 2010 Standards 208.2; and 2010 NYS 1106.1.*

II.    None of the attempted accessible parking spaces are van accessible. *Defendants fail to provide the minimum required number of accessible van parking spaces.  See 1991 Standards 4.1.2(5)(b); and 2010 Standards 208.2.4.*

III.   Attempted accessible parking spaces near the Pet Pantry Warehouse tenant are not located on the shortest accessible route to an accessible entrance. *Defendants fail to provide accessible parking spaces located on the shortest accessible route to an accessible entrance.  See 1991 Standards 4.6.2; 2010 Standards 208.3.1; and 2010 NYS 1106.6.*

IV.    Attempted accessible parking spaces near the Pet Pantry Warehouse tenant are not provided with a 60 inch wide access aisle. *Defendants fail to provide accessible car parking spaces with access aisle that are at least 60 inches wide.  See 1991 Standards 4.6.3; 2010 Standards 502.3.1.*

V.     Attempted accessible parking spaces near the Pet Pantry Warehouse tenant are not provided with an 8 foot wide access aisle. *Defendants fail to provide accessible parking spaces with access aisle that are at least 8 feet wide.  See 2010 NYS 1106.1.*

5

VI.   The curb ramp at the attempted accessible parking spaces near the Pet Pantry Warehouse tenant has a vertical change in elevation at the transition from the curb ramp.
*Defendants fail to provide accessible curb ramps with a flush transition to walks, gutters, and streets. See 1991 Standards 4.7.2; 2010 Standards 406.2; and 2010 NYS ANSI/A117.1 -2003 406.2.*

VII.   The curb ramp at the attempted accessible parking spaces near the Pet Pantry Warehouse tenant has flairs that are steeper than 1:10.
*Defendants fail to provide accessible curb ramps with flares not be steeper than 1:10. See 1991 Standards 4.7.5; 2010 Standards 406.3; and 2010 NYS ANSI/A117.1 -2003 406.3.*

VIII.   The curb ramp at the attempted accessible parking spaces near the Pet Pantry Warehouse tenant lacks at level landing at the top.
*Defendants fail to provide accessible curb ramps with the required level landings at the tops. See 1991 Standards 4.7.5; 2010 Standards 406.4; and 2010 NYS ANSI/A117.1 -2003 406.4.*

IX.   The curb ramp at the attempted accessible parking spaces near the Pet Pantry Warehouse tenant has slopes steeper than 8.33%.
*Defendants fail to provide running slopes that are not steeper than 1:12 (8.33%) at accessible curb ramps. See 1991 Standards 4.8.2; 2010 Standards 405.2; and 2010 NYS ANSI/A117.1 -2003 405.2.*

X.   Attempted accessible parking spaces near the CVS tenant are not provided with a 60 inch wide access aisle.
*Defendants fail to provide accessible car parking spaces with access aisle that are at least 60 inches wide.  See 1991 Standards 4.6.3; 2010 Standards 502.3.1.*

XI.   Attempted accessible parking spaces near the CVS tenant are not provided with an 8 foot wide access aisle.
*Defendants fail to provide accessible parking spaces with access aisle that are at least 8 feet wide.  See 2010 NYS 1106.1.*

XII.   There is no accessible route from the attempted accessible parking spaces near the CVS tenant to the CVS tenant entrance.
*Defendants fail to provide an accessible route within the site from accessible parking and accessible passenger loading zones to the building entrance. See 1991 Standards 4.1.2(1); 2010 Standards 206.2.1; and 2010 NYS 1104.1.*

XIII.   Attempted accessible parking spaces near the Staples tenant are not provided with a 60 inch wide access aisle.

6

*Defendants fail to provide accessible car parking spaces with access aisle that are at least 60 inches wide. See 1991 Standards 4.6.3; 2010 Standards 502.3.1.*

XIV.   Attempted accessible parking spaces near the Staples tenant are not provided with an 8 foot wide access aisle.
*Defendants fail to provide accessible parking spaces with access aisle that are at least 8 feet wide. See 2010 NYS 1106.1.*

XV.   The curb ramp at the attempted accessible parking spaces near the Staples tenant has a vertical change in elevation at the transition from the curb ramp.
*Defendants fail to provide accessible curb ramps with a flush transition to walks, gutters, and streets. See 1991 Standards 4.7.2; 2010 Standards 406.2; and 2010 NYS ANSI/A117.1 -2003 406.2.*

XVI.   The curb ramp at the attempted accessible parking spaces near the Staples tenant has flairs that are steeper than 1:10.
*Defendants fail to provide accessible curb ramps with flares not be steeper than 1:10. See 1991 Standards 4.7.5; 2010 Standards 406.3; and 2010 NYS ANSI/A117.1 -2003 406.3.*

XVII.   The curb ramp at the attempted accessible parking spaces near the Staples tenant lacks at level landing at the top.
*Defendants fail to provide accessible curb ramps with the required level landings at the tops. See 1991 Standards 4.7.5; 2010 Standards 406.4; and 2010 NYS ANSI/A117.1 -2003 406.4.*

XVIII.   The curb ramp at the attempted accessible parking spaces near the Staples tenant has slopes steeper than 8.33%.
*Defendants fail to provide running slopes that are not steeper than 1:12 (8.33%) at accessible curb ramps. See 1991 Standards 4.8.2; 2010 Standards 405.2; and 2010 NYS ANSI/A117.1 -2003 405.2.*

XIX.   A portion of the route between the Pet Pantry Warehouse tenant and the CVS/Staples tenant is a ramp, however the ramp has a slope in excess of 8.33%.
*Defendants fail to provide running slopes that are not steeper than 1:12 (8.33%) at accessible ramps. See 1991 Standards 4.8.2; 2010 Standards 405.2; and 2010 NYS ANSI/A117.1 -2003 405.2.*

XX.   A portion of the route between the Pet Pantry Warehouse tenant and the CVS/Staples tenant is a ramp, however the ramp lacks an intermediate landing for changes in elevation in excess of 30 inches.

*Defendants fail to provide a 30 inches maximum rise at accessible ramps. See 1991 Standards 4.8.2; 2010 Standards 405.6; and 2010 NYS ANSI/A117.1 -2003 405.6.*

XXI.   A portion of the route between the Pet Pantry Warehouse tenant and the CVS/Staples tenant is a ramp, however the ramp lacks handrails on one side.
*Defendants fail to provide the required handrails on both sides of accessible ramps. See 1991 Standards 4.8.5(1); 2010 Standards 505.2; and 2010 NYS ANSI/A117.1 -2003 505.2.*

XXII.   A portion of the route between the Pet Pantry Warehouse tenant and the CVS/Staples tenant is a ramp, however the ramp lacks edge protection on one side.
*Defendants fail to provide the required edge protection at accessible ramps. See 1991 Standards 4.8.7; 2010 Standards 405.9; and 2010 NYS ANSI/A117.1 -2003 405.9.*

XXIII.   There is no accessible route from the public sidewalk and bus station to the building entrances.
*Defendants fail to provide an accessible route within the site from public streets or sidewalks to the building entrance. See 1991 Standards 4.1.2(1); 2010 Standards 206.2.1; and 2010 NYS 1104.1.*

XXIV.   The route from the public sidewalk to the building entrances has cross slopes in excess of 2.0%. Furthermore, there is a change in elevation that exceeds ¼ inch vertical and ½ inch beveled with a slope more than 1:2.
*Defendants fail to provide accessible routes that are stable, firm and slip resistant with running slopes not more than 1:20 (5%) and cross slopes not more than 1:48 (2.0%).  See 1991 Standards 4.3.1; 2010 Standards 403.1; and 2010 NYS ANSI/A117.1 -2003 403.1.*
*Defendants fail to provide accessible routes with changed in elevation that are less than ¼ inch vertical and ½ inch beveled with a slope more than 2:1. See 1991 Standards 4.13.8; 2010 Standards 404.2.5; and 2010 NYS ANSI/A117.1 -2003 404.2.4.*

XXV.   It is not clear if any of the Staples tenant check-out aisle are accessible. See below.
*At the basement level, Defendants fail to provide that a sufficient number of check-out aisle are accessible.  See 1991 Standards 7.3(1); 2010 Standards 227.2; and 2010 NYS 1109.11.2.*

XXVI.   None of the Staples tenant check-out aisles are labeled with the International Symbol of Accessibility.

*Defendants fail to display the International Symbol of Accessibility at accessible check-out aisles when not all check-out aisles are accessible. 1991 Standards 7.3(3); and 2010 Standards 216.11; and 2010 NYS 1110.1.8.*

XXVII.   Check writhing surfaces at Staples tenant general check-out aisles are higher than 34 inches above the finish floor.
*Defendants fail to provide that the top of check writhing surfaces are 28 inches minimum and 34 inches maximum above the finish floor at accessible check-out aisles. See 1991 Standards 7.2; 2010 Standards 904.3.3; and 2010 NYS ANSI/A117.1 -2009 904.4.3.*

XXVIII.   The POS machines at the Staples tenant general check-out aisles are outside of an accessible reach range.
*Defendants fail to provide that operable parts are within accessible reach ranges at accessible check-out aisles. See 1991 Standards 4.2.5 and 4.2.6; 2010 Standards 308.1; and 2010 NYS ANSI/A117.1 -2009 308.1.*

XXIX.   The Staples tenant copy and print service counter is more than 36 inches above the finish floor.
*Defendants fail to provide an accessible portion of counter that is no greater than 36 inches above the finish floor and no less than 36 inches in length (and extends the same depth as the general sales and/or service counter) at accessible sales and/or service counters. See 1991 Standards 7.2(1); 2010 Standards 904.4; and 2010 NYS ANSI/A117.1 -2003 904.3.*

XXX.   The POS machines at the Staples tenant copy and print service counter is outside of an accessible reach range.
*Defendants fail to provide that operable parts are within accessible reach ranges at accessible check-out aisles. See 1991 Standards 4.2.5 and 4.2.6; 2010 Standards 308.1; and 2010 NYS ANSI/A117.1 -2009 308.1.*

XXXI.   Some routes throughout the Staples tenant are less than 36 inches wide due to stocking and merchandise.
*Defendants fail to provide an accessible route of at least 36 inches. See 1991 Standards 4.3.3; 2010 Standards 403.5.1; and 2010 NYS ANSI/A117.1 -2009 403.5.*

XXXII.   Some routes throughout the Staples tenant lacks required maneuvering around end caps due to stocking and merchandise.
*Defendants fail to provide the minimum required maneuvering clearances from which to make a 180-degree turn around an element*

9

*along the accessible route. See 1991 Standards 4.3.3; 2010 Standards*
*403.5.2; and 2010 NYS ANSI/A117.1 -2009 403.5.1.*

23.    Upon information and belief, a full inspection of the defendants' place of

public accommodation will reveal the existence of other barriers to access.

24.    As required by the ADA (remedial civil rights legislation) to properly

remedy defendants' discriminatory violations and avoid piecemeal litigation, plaintiff

requires a full inspection of the defendants' public accommodation in order to catalogue

and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that

plaintiff intends on amending the Complaint to include any violations discovered during

an inspection that are not contained in this Complaint.

25.    Defendants have endangered plaintiff's safety and denied plaintiff the

opportunity to participate in or benefit from services or accommodations because of

disability.

26.    Defendants have not satisfied their statutory obligation to ensure that their

policies, practices, procedures for persons with disabilities are compliant with the laws.

Nor have defendants made or provided reasonable accommodations or modifications to

persons with disabilities.

27.    Defendant Colfax Industries, Inc. has failed to ensure that its lessee's

place of public accommodation and the elements therein are in compliance with the 1991

Standards or the 2010 Standards; including but not limited to ensuring the maintenance of

accessible features.

28.    Plaintiff has a realistic, credible and continuing threat of discrimination

from the defendants' non-compliance with the laws prohibiting disability discrimination.

The barriers to access within defendants' place of public accommodation continue to exist and deter plaintiff.

29.     Plaintiff frequently travels to the area where defendants' place of public accommodation is located.

30.     Plaintiff has patronized or intends to patronize all the public accommodations located in the 2444 Boston Post Road Shopping Center premises

31.     Plaintiff utilizes all of the parking areas provided as well as all of the pedestrian walkways provided at the 2444 Boston Post Road Shopping Center premises.

32.     Plaintiff intends to patronize all of the places of public accommodation inside the 2444 Boston Post Road Shopping Center premises several times a year after defendants remediate the barriers identified herein.

33.     Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether defendants' place of public accommodation is fully accessible and compliant with the 1991 Standards or the 2010 Standards.

34.     Plaintiff intends to patronize the defendants' place of public accommodation several times a year as "tester" to monitor, ensure, and determine whether defendants' place of public accommodation is fully accessible and compliant with the 1991 Standards or the 2010 Standards– all for the benefit of those similarly situated to plaintiff.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

35.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

11

36.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of plaintiff's disability, plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

37.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

38.     Under the ADA, both the property owner and lessee are liable to the plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

39.     Defendants have and continue to subject plaintiff to disparate treatment by denying plaintiff full and equal opportunity to use their place of public accommodation all because plaintiff is disabled.  Defendants' policies and practices have disparately impacted plaintiff as well.

40.     By failing to comply with the law in effect for decades, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

41.     Defendants have discriminated against the plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

42.     Defendants' place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

43.     Upon making alterations to their public accommodation, defendants failed to make their place of public accommodation accessible to plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

44.     Upon making these alterations to the primary function areas, defendants failed to make the paths of travel to the primary function areas accessible to plaintiff, in violation of 28 C.F.R. § 36.403.

45.     28 C.F.R. § 36.406(5) requires defendants to make the facilities and elements of their noncomplying public accommodation accessible in accordance with the 2010 Standards.

46.     Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make defendants' place of public accommodation fully accessible.

47.     By failing to remove the barriers to access where it is readily achievable to do so, defendants have discriminated against plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

48.     In the alternative, defendants have violated the ADA by failing to provide plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

13

49.     Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

50.     Defendants have and continue to discriminate against plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

<u>SECOND CAUSE OF ACTION</u>
**(VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)**

51.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

52.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

53.     Defendants' have and continue to subject plaintiff to disparate treatment by denying plaintiff equal opportunity to use their place of public accommodation all because plaintiff is disabled.

54.     Defendants discriminated against plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the defendants have aided and abetted others in committing disability discrimination.

55.     Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

14

56.     In the alternative, defendants have failed to provide plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

57.     It would be readily achievable to make defendants' place of public accommodation fully accessible.

58.     It would not impose an undue hardship or undue burden on defendants to make their place of public accommodation fully accessible.

59.     As a direct and proximate result of defendants' unlawful discrimination in violation of New York State Executive Law, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

60.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

61.     Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

62.     Defendants discriminated against plaintiff pursuant to New York State Executive Law.

63.     Consequently, plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every barrier and violation.

64.     Notice of the defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## FOURTH CAUSE OF ACTION
### (COMMON LAW NEGLIGENCE)

65.     Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

66.     Defendants negligently designed, constructed, operated, repaired and maintained their place of public accommodation located at 2444 Boston Post Road, Mamaroneck in a manner that has rendered their place of public accommodation unsafe to the disabled plaintiff.

67.      At all relevant times, defendants, who hold their property open to the public, have had a duty to patrons such as plaintiff to design, construct, operate, repair, and maintain their place of public accommodation located at 2444 Boston Post Road, Mamaroneck in a reasonably safe condition.

68.     Defendants breached their duty by negligently designing, constructing, operating, repairing and maintaining their place of public accommodation located at 2444 Boston Post Road, Mamaroneck in a manner that has unreasonably endangered the plaintiff's physical safety and caused plaintiff to fear for plaintiff's own safety.

69.     Defendants' failure to design, construct, operate, repair and maintain their place of public accommodation located at 2444 Boston Post Road, Mamaroneck in a manner that is safe to the disabled plaintiff has proximately caused plaintiff emotional distress.

70.     Defendants have had actual and constructive notice that their place of public accommodation located at 2444 Boston Post Road, Mamaroneck is not safe to the disabled.

71.     As a direct result of defendants' negligence, plaintiff has suffered and continues to suffer emotional distress damages in an amount to be determined at trial.

## INJUNCTIVE RELIEF

72.     Plaintiff will continue to experience unlawful discrimination as a result of defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order defendants to alter and modify their place of public accommodation and their operations, policies, practices and procedures.

73.     Injunctive relief is also necessary to make defendants' facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

74.     Injunctive relief is further necessary to order defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA and the Executive Law.

## DECLARATORY RELIEF

75.     Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

## ATTORNEYS' FEES, EXPENSES AND COSTS

76.     In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorneys' fees, expenses and costs pursuant to the ADA.  42 U.S.C. §12205; 28 C.F.R. §36.505.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that defendants' have violated the ADA and its implementing regulations, and the Executive Law and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

B.  Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, and the Executive Law, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award plaintiff compensatory damages as a result of defendants' violations of New York State Executive Law;

E.  Award plaintiff monetary damages for each and every barrier and violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

F.  Find that plaintiff is a prevailing party in this litigation and award reasonable attorneys' fees, costs and expenses pursuant to the ADA; and

G.  For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: May 18, 2016
        New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**


By:_____/s_____
        Glen H. Parker, Esq.
        Adam S. Hanski, Esq.
        Robert G. Hanski, Esq.
        Attorneys for Plaintiff
        40 Worth Street, 10th Floor
        New York, New York 10013
        Telephone: (212) 248-7400
        Facsimile: (212) 248-5600
        Email:ash@parkerhanski.com
        Email:ghp@parkerhanski.com
        Email:rgh@parkerhanski.com